USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/14

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KATA GREANEY,                                )
                                             )    Civil Action No. 14 CV 6002 (LGS)
                Plaintiff,                   )
                                             )
    - against -                              )
                                             )    **CIVIL CASE MANAGEMENT**
LONDON LUXURY LLC,                           )    **PLAN AND SCHEDULING**
MODEL SERVICE, LLC d/b/a                     )    **ORDER**
MSA MODELS, FD MANAGEMENT, INC.,             )
BED BATH & BEYOND INC.                       )
                                             )
                Defendants.                  )
------------------------------------------------------------X

        LORNA G. SCHOFIELD, United States District Judge:

        This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties [consent _____ / do not consent X] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.      The parties [have X/ have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.      This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

        a.      An employment case governed by the Initial Discovery Protocols for Employment cases? [Yes _____ / No X.]

        b.      A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York? [Yes _____ / No X.]

        c.      A complex case, designated as such on the docket sheet, subject to the Case Management Techniques for Complex Cases? [Yes _____ / No X.]

        d.      A patent case subject to the Local Patent Rules? [Yes _____ / No X.]

4.      Alternative Dispute Resolution/Settlement

        a.      Settlement discussions [have X/ have not _____] taken place.

P&H - 855161.5

1

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

<u>Documents showing the date of first use of the photographs of Plaintiff at issue (to be provided by London Luxury, FD Management, Inc. and/or Bed Bath & Beyond) and all fully executed management agreements between MSA and Plaintiff other than the partially executed February 14, 2012 agreement annexed to the Amended Complaint (to be provided by MSA).  MSA has agreed to search for cancelled checks reflecting certain specified payments to Plaintiff and to produce them if identified after a reasonable search.</u>

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

<u>If the Court does not dismiss all of Plaintiff's claims against MSA on the merits, MSA asserts that Plaintiff must arbitrate all claims against it before the American Arbitration Association, as required by the agreement between Plaintiff and MSA. Other than as set forth in the foregoing sentence, the parties agree that alternate dispute resolution is not appropriate at this time.</u>

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

<u>See response to 4(c).</u>

e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after <u>October 6, 2014</u> without leave of Court.

6. Amended pleadings may be filed without leave of Court until <u>October 6, 2014</u>.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>fourteen (14)</u> days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

a. All fact discovery shall be completed no later than <u>January 28, 2015</u>. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

  b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>October 10, 2014</u>.

  c. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by <u>October 10, 2014</u>.

  d. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>January 16, 2015</u>.

  e. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>January 28, 2015</u>.

  f. Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery [if applicable]

  a. Anticipated types of experts if any:

  <u>At this time plaintiff anticipates the need for experts on damages and on the custom and practice in the modeling agency.  At this time, defendants anticipate the need for rebuttal experts only.  Defendants reserve the right to retain other experts, depending on the course of fact discovery.</u>

  b. All expert discovery shall be completed no later than <u>March 16, 2015</u>. [Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.] Omit unless types of experts are identified.

  c. By <u>December 17, 2014</u> *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden *of* proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is <u>X </u> / is not <u>  </u>] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is <u>5 days</u>.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

<u>The parties shall not be required to produce or enter on a privilege log privileged documents created on or after August 1, 2014.  The parties shall not be required to forensically collect and produce electronically stored information in text-searchable processed format with metadata in response to document requests, but instead will</u>

P&H - 855161.5

3

produce responsive documents in PDF format or in hard copy. The parties agree to revisit this topic depending on the size of their document productions.

13. Status Letters and Conferences

   a. By December 9, 2014 *[60 days after the commencement of fact discovery]*, the parties shall submit a status letter explaining what discovery has taken place, what discovery remains, and how the parties are acting diligently to meet the discovery deadline.

   b. By February 11, 2015 *[14 days after the close of fact discovery]*, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On _____April 7, 2015_ at _10:30__A.M. *[usually 14 days after the close of discovery]*, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

      i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

      ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.

      iii. This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.   See also directives on next page to be calendared.

   SO ORDERED.

Dated:_October 14, 2014_____
New York, New York

                                                    _____
                                                    LORNA G. SCHOFIELD
                                                    **UNITED STATES DISTRICT JUDGE**

P&H - 855161.5

4

.

Within 45 days from the date of this Order, the parties shall submit an additional joint status letter advising the Court on the status of settlement negotiations.

Plaintiff's opposition to the motions to dismiss shall be filed by November 3, 2014. Defendants' replies shall be filed by November 17, 2014.

Counsel for the Parties:

| | |
|---|---|
| PAVIA & HARCOURT LLP | ALLEGAERT BERGER & VOGEL, LLP |
| Adam D. Mitzner (AM 8325)<br>Jonathan A. Selva (JS 2006)<br>William F. Fitzgerald (WF 8673) | Partha P. Chattoraj (PC 1235)<br><br>111 Broadway, 20th Floor<br>New York, NY 10006 |
| 590 Madison Avenue, 8th Floor<br>New York, NY 10022<br>T: (212) 980-3500<br>F: (212) 980-3185 | T: (212) 571-0550<br>F: (212) 571-0555<br><br>*Attorneys for Defendant Model Service, LLC d/b/a MSA Models* |
| *Attorneys for Plaintiff Kata Greaney* | |
| COZEN O'CONNOR P.C. | COZEN O'CONNOR P.C. |
| David B. Sunshine (DS 0973)<br>Tamar S. Wise (TW 0566) | Michael B. de Leeuw (MD 8479) |
| 277 Park Avenue<br>New York, NY 10172<br>T: (212) 883-4900<br>F: (212) 986-0604 | 45 Broadway, 16th Floor<br>New York, NY 10006<br>T: (212) 509-9400<br>F: (212) 509-9492 |
| *Attorneys for Defendants London Luxury LLC, FD Management, Inc. and Bed Bath & Beyond Inc.* | *Attorneys for Defendants London Luxury LLC, FD Management, Inc. and Bed Bath & Beyond Inc.* |